J-S08028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| I.T.S. | : | No. 1299 WDA 2017 |

Appeal from the Order August 30, 2017
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0001268-2016

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

CONCURRING MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 25, 2018**

Our precedent restrains this Court from overturning a trial judge's decision to grant decertification absent a gross abuse of discretion. ***Commonwealth v. L.P.***, 137 A.3d 6299, 635 (Pa.Super. 2016); ***Commonwealth v. Ruffin***, 10 A.3d 336, 338 (Pa.Super. 2010). However, my concern is that in this case this particular juvenile may very well go on to commit acts of violence once the juvenile court loses jurisdiction and abandons efforts to treat and rehabilitate Appellant.

Through his statements, Appellant clearly showed involvement in and commitment to his co-defendants' plan to commit violence against the victims, which ultimately resulted in two homicides. For example, Appellant emphasized that there would be "no backing out whatever it is"; further, in response to his co-defendant's text message indicating that people "will be

_____

* Former Justice specially assigned to the Superior Court.

dropping tonight," Appellant coolly asserted, "I promise we will get it done tonight."

The decertification directed by the trial judge shortens the time for Appellant's possible rehabilitation to an unworkable schedule. On the day of the victims' murders, Appellant was 17 years, 218 days old. Although the trial court may not have committed a "gross abuse of discretion," in this case the trial court was not cautious about making certain there was time to treat Appellant and determine whether he truly is capable of rehabilitation.